[668 NYS2d 407]

In the Matter of New York State Employment Relations Board, Respondent, v Christian Brothers Academy, Appellant.

Third Department, January 22, 1998

## APPEARANCES OF COUNSEL

*Ogletree, Deakins, Nash, Smoak & Stewart,* Albany *(Jonathan R. Mook,* Washington, D.C., of counsel), for appellant.
*Alan Berg,* New York City, for respondent.

## OPINION OF THE COURT

MERCURE, J.

Respondent operates a parochial school in the City of Albany. Christian Brothers Academy Lay Faculty Association (hereinafter the union) is the collective bargaining representative of respondent's lay teachers. Following the August 1992 expiration of the union's collective bargaining agreement with respondent, respondent and the union entered into formal negotiations toward a successor agreement. On June 3, 1993, however, respondent gave notice that it was withdrawing its recognition of the union and would no longer collectively bargain with it.

On July 15, 1993, the union filed a charge with petitioner alleging that respondent's conduct constituted an unfair labor practice pursuant to Labor Law § 704. Petitioner conducted an

initial review of the matter, determined that formal proceedings were warranted and on December 8, 1993 issued a complaint alleging respondent's unfair labor practice within the meaning of Labor Law § 704 (6). A hearing was conducted before an Administrative Law Judge (hereinafter ALJ) who, on September 9, 1994, issued an intermediate report finding that respondent had violated the Labor Law by withdrawing its recognition of the union on June 3, 1993. On September 18, 1995, petitioner adopted the ALJ's findings and recommendations and ordered respondent to, *inter alia*, cease and desist from refusing to collectively bargain with the union.

In March 1996, petitioner commenced this proceeding seeking to enforce its order. In its answer, respondent asserted as counterclaims that (1) petitioner did not have subject matter jurisdiction over respondent's operations, (2) the unfair labor charge against respondent had been barred by the applicable Statute of Limitations, and (3) the hearing before the ALJ violated respondent's due process rights by failing to give adequate notice of the charges against respondent and also because an attorney employed by the New York State United Teachers (an agent of the union) prosecuted the charges against respondent. Ultimately, Supreme Court granted the petition and ordered respondent to comply with petitioner's order. Respondent now appeals.

We affirm. Initially, we reject the contention that, because respondent is a religiously sponsored school subscribing to the teachings of the Roman Catholic Church, petitioner's assertion of jurisdiction over respondent violates respondent's rights under the Free Exercise Clause and the Establishment Clause of the 1st Amendment. Very recently, in *Matter of New York State Empl. Relations Bd. v Christ the King Regional High School* (90 NY2d 244), the Court of Appeals considered the question of whether, as applied to religiously affiliated schools, the State Labor Relations Act (Labor Law § 700 *et seq.* [hereinafter the Act]) impermissibly burdens the free exercise of religion and violates the Establishment Clause. Applying the standard articulated in *Employment Div., Ore. Dept. of Human Resources v Smith* (494 US 872), the Court first concluded that application of the Act to a religious school (there, as in this case, a Roman Catholic parochial school) and its faculty was not violative of the Free Exercise Clause.

To the contrary, mirroring the analysis of the Second Circuit in *Catholic High School Assn. v Culvert* (753 F2d 1161, 1166-1167), the Court of Appeals concluded that "[the Act] is a

facially neutral, universally applicable and secular regulatory regimen * * * intended to improve labor relations by encouraging good-faith collective bargaining * * *. The Act in no way implicates religious conduct or beliefs; nor does it purport to impose any express or implied restriction or burden on religious beliefs or activities" (*Matter of New York State Empl. Relations Bd. v Christ the King Regional High School, supra,* at 249 [citation omitted]). The Court similarly adopted the Second Circuit's analysis concerning the Establishment Clause claim, concluding that " '[petitioner's] relationship with the religious schools over mandatory subjects of bargaining does not involve the degree of "surveillance" necessary to find excessive administrative entanglement' * * * [and that its] supervision over collective bargaining involving secular terms and conditions of employment 'is neither comprehensive nor continuing' " (*id.,* at 250-251, quoting *Catholic High School Assn. v Culvert, supra,* at 1166, 1167).

We are wholly unpersuaded that a contrary result is warranted by virtue of respondent's generalized charge to its faculty, including the lay members represented by the union, that they instill "Christian values" or "aid in the formation of a Christian character" in their students. In *Catholic High School Assn. v Culvert (supra)*, the Second Circuit recognized that faculty members of the plaintiff association were all "directly involved in the transmission of religious values to the students" (*id.,* at 1163), but held: " 'That faculty members are expected to serve as exemplars of practicing Christians does not serve to make the terms and conditions of their employment matters of church administration and thus purely of ecclesiastical concern' [citation omitted]). Thus, the duty to bargain does not involve excessive administrative entanglement between church and state" (*id.,* at 1167-1168, quoting *Equal Empl. Opportunity Commn. v Mississippi Coll.,* 626 F2d 477, 485, *cert denied* 453 US 912).

As for the fact that the dispute resolution mechanism contained in the expired collective bargaining agreement between respondent and the union does not expressly restrict the grievance resolution mechanism to secular subjects, it suffices to note that the bargaining order at issue here directs respondent to negotiate only on the secular issues of "rates of pay, wages, hours of employment and other terms and conditions of employment". Finally, we are unpersuaded by respondent's reliance upon *National Labor Relations Bd. v Catholic Bishop of Chicago* (440 US 490), which merely held that, there being

no express authority in the National Labor Relations Act (see, 29 USC § 158), the National Labor Relations Board did not have jurisdiction over parochial schools (id., at 506-507). The National Labor Relations Act is not at issue in this proceeding and it does not preempt a comparable State agency from exercising its jurisdiction over religiously affiliated schools (see, *Catholic High School Assn. v Culvert, supra*, at 1165, n 2).

■ Respondent's remaining contentions warrant little discussion. Petitioner was authorized to utilize the service of a private attorney to prosecute the charge against respondent (see, Labor Law § 702 [4]; 12 NYCRR 254.2, 254.4). In addition, although an employee organization is required to file an improper practice charge within four months of the occurrence of the alleged improper conduct, there is no limitations period governing petitioner's issuance of a complaint (see, Labor Law § 700; *compare*, 4 NYCRR 204.1 [a] [1], *with* 4 NYCRR 204.2 [a]). Thus, we are unpersuaded that the administrative proceeding was untimely commenced. We have considered respondent's remaining contentions and find them to be similarly lacking in merit.

MIKOLL, J. P., CREW III, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the order is affirmed, without costs.